# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL G. PRESTIA** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil Action No. 1:08CV1432-LG-RHW |
| | § | |
| **UNITED STATES FIDELITY AND** | § | |
| **GUARANTY COMPANY and** | § | |
| **JOHN DOES 1-10** | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is the Motion for Summary Judgment [34] filed by the defendant, United States Fidelity and Guaranty Company (USF&G). The plaintiff, Michael G. Prestia, did not respond to the Motion. Upon reviewing the Motion and the applicable law, the Court finds that USF&G is entitled to judgment as a matter law because Prestia has failed to cooperate with the investigation of his insurance claim as required by his insurance policy. As a result, the Motion for Summary Judgment is granted.

### FACTS

Prestia is a licensed and practicing attorney, who is representing himself in this lawsuit. He filed this lawsuit against USF&G, seeking additional insurance benefits for damage to his law office that was caused by Hurricane Katrina. The insurance policy provided the following relevant coverage to Prestia: $103,903.00 building coverage (with a four percent property value guard automatic increase), $30,748.00 business personal property coverage (with a three percent property value guard automatic increase), $250,000 accounts receivable coverage, $100,000 valuable papers and records coverage, $25,000 fine arts coverage, and twelve months of business interruption coverage. (Ex. E to Def.'s Mot).

Prestia filed claims for building damage, business personal property damage, loss of business income, valuable papers and records coverage, accounts receivable coverage, and coverage for damage to fine arts. USF&G asserts that it has paid $75,692.25 for damage to the building, $31,394.97 (the policy limits) for damage to personal property, and twelve months of business income coverage in the amount of $93,704.00. USF&G also alleges that Prestia did not provide notice of his claim for valuable papers coverage, accounts receivable coverage, or fine arts coverage until September 5, 2008, over three years after Hurricane Katrina damaged his property. USF&G has filed the present Motion for Summary Judgment, arguing that Prestia should not be permitted to pursue this lawsuit due to his failure to respond to USF&G's requests for documentation that supports his claims.

## DISCUSSION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, any party to a civil action may move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp.*, 477 U.S. at 324-25.

The insurance policy issued to Prestia by USF&G provides:

3. Duties in the Event of Loss
    a. You must see that the following are done in the event of loss to Covered Property:

>           . . .
>           (8) Cooperate with us in the investigation or settlement of the claim . . .
>
>      4. Legal Action Against Us
>
>      No one may bring a legal action against us under this insurance unless:
>      a. There has been full compliance with all of the terms of this insurance. . . .

(Ex. E to Def.'s Mot.) The Mississippi Supreme Court has held: "both persons claiming under a policy of insurance . . . and their attorneys should be aware that they are required to respond to all reasonable inquiries [from the insurer] and that failure to do so may well deny them recovery." *Allison v. State Farm Fire & Cas. Co.*, 543 So. 2d 661, 664 (Miss. 1989).

USF&G has produced copies of correspondence indicating that it requested additional documentation from Prestia that supported his claims, including tax returns, receipts, descriptions and documentation of items that were damaged, and information concerning international accounts that could not be collected as a result of the storm. Although it appears that Prestia has provided some of the requested information, USF&G claims that he still has not provided adequate documentation for many of his claims. USF&G also requested this information and documentation from Prestia by propounding discovery during the pendency of this lawsuit. USF&G has filed two motions to compel responses to these discovery requests, which were granted. It alleges that Prestia still has not complied with the Court's Orders. Furthermore, Prestia has never argued that USF&G's requests are unreasonable, that he has provided the requested information, or that he does not have access to the documentation requested.

The Court finds that the information requested by USF&G is reasonable and necessary so that it could properly investigate and determine the value of Prestia's claims. As a result, the

Court finds that Prestia's failure to respond to USF&G's reasonable document requests constitutes a failure to cooperate with the investigation of his insurance claims. Pursuant to the policy agreed to by USF&G and Prestia, he cannot bring a legal action against USF&G unless he has complied with the terms of the policy. Because he has failed to do so, USF&G is entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [34] filed by the defendant, United States Fidelity and Guaranty Company, is **GRANTED**. Prestia's claims against USF&G are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 7th day of August, 2009.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE