# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL G. PRESTIA** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil Action No. 1:08CV1432-LG-RHW |
| | § | |
| **UNITED STATES FIDELITY AND** | § | |
| **GUARANTY COMPANY and** | § | |
| **JOHN DOES 1-10** | § | **DEFENDANTS** |

## ORDER GRANTING PLAINTIFF'S MOTION TO VACATE JUDGMENT

**BEFORE THE COURT** is the Motion to Vacate Judgment Pursuant to Rule 59(e) [40] filed by the plaintiff, Michael Prestia. He seeks reconsideration of this Court's Memorandum Opinion and Order [38] granting summary judgment in favor of United States Fidelity and Guaranty Company (USF&G). Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion to Vacate Judgment should be granted. Prestia is granted permission to file a response to the Motion for Summary Judgment [34] by September 2, 2009. USF&G will be permitted to file a reply within five days after the response is filed.

### DISCUSSION

On July 13, 2009, USF&G filed a Motion for Summary Judgment and Combined Memorandum in Support, alleging that Prestia's claim against USF&G should be dismissed because he has failed to cooperate with the investigation of his insurance claim as required by his insurance policy. On July 14, 2009, a docket annotation was entered that advised the attorney for USF&G that motions and memorandums should not be combined. The annotation stated that a separate memorandum should be filed and linked to the Motion for Summary Judgment. A separate memorandum was never filed, and Prestia never filed a Response to the Motion. On August 7, 2009, this Court entered a Memorandum Opinion and Order granting summary

judgment in favor of USF&G because USF&G had demonstrated that Prestia had failed to cooperate.  Contrary to Prestia's assertions this Order was not a "default judgment," and the Motion was not granted solely on the basis of his failure to respond to the Motion.

Prestia has filed the present Motion seeking reconsideration of this Court's Order, alleging by affidavit that he believed he was not required to respond to the Motion until after the separate Memorandum was filed.  He also states that counsel for USF&G told him that he was not required to respond to the Motion until after she had reviewed additional documents that Prestia had provided to her after the Motion was filed.  The parties disagree over whether Prestia has now complied with USF&G's document requests.

Pursuant to Fed. R. Civ. P. 59(e), a motion for reconsideration may only be granted if (1) there is a need to correct a manifest error in law or fact; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the judgment or order in question; or (3) an intervening change in controlling law occurred.  *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  A Rule 59(e) Motion should not be used to relitigate matters that should have been argued earlier, or that simply were not resolved to the movant's satisfaction. *Mongrue v. Monsanto Co.*, 249 F.3d 422, 427 (5th Cir. 2001); *Simon v. United States*, 891 F. 2d 1154, 1159 (5th Cir. 1990).

Unfamiliarity with the rules of procedure, particularly by a litigant who is also a practicing attorney, does not excuse compliance.  However, the Court will permit Prestia to file a response to the Motion for Summary Judgment, and USF&G will be permitted to file a reply. Finally, the Court has reviewed the record in this matter as a whole, and notes that Prestia's conduct with regard to the production of disclosure and discovery, and compliance with this

Court's rules and orders borders on dilatory. Matters related to disclosure and discovery are referred to Magistrate Judge Walker, so that the adequacy of the disclosures, discovery and witness designations provided by Prestia pursuant to discovery rules and order of the Courts can be properly evaluated. Magistrate Judge Walker is encouraged to aggressively ensure that the parties fully comply with discovery rules and orders of the Court. If necessary, an offending party may be subject to any appropriate sanctions.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Vacate Judgment Pursuant to Rule 59(e) [40] filed by the plaintiff, Michael Prestia, is **GRANTED**. Prestia is granted permission to file a response to the Motion for Summary Judgment [34] by September 2, 2009. USF&G will be permitted to file a reply within five days after the response is filed.

**SO ORDERED AND ADJUDGED** this the 19th day of August, 2009.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE